**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**HELENA DIVISION**

| | |
|---|---|
| FRONTIER INSTITUTE, a Montana nonprofit corporation; FRONTIER ACTION FUND, a Montana nonprofit corporation; MONTANA FAMILY INSTITUTE, a Montana nonprofit corporation; MONTANA FAMILY FOUNDATION, a Montana nonprofit corporation; and MONTANA REPUBLICAN STATE CENTRAL COMMITTEE, a Montana political party committee,<br><br>Plaintiffs,<br><br>vs.<br><br>AUSTIN KNUDSEN, in his official capacity as Montana Attorney General and CHRISTI JACOBSEN, in her official capacity as Montana Secretary of State,<br><br>Defendants. | CV 26-73-H-WWM |
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, MONTANA CHAMBER OF COMMERCE, BILLINGS CHAMBER OF COMMERCE, and KALISPELL CHAMBER OF COMMERCE,<br><br>Plaintiffs,<br><br>vs. | CV 26-75-H-WWM |

| | |
|---|---|
| AUSTIN KNUDSEN, in his official capacity as Montana Attorney General and CHRISTI JACOBSEN, in her official capacity as Montana Secretary of State,<br><br>Defendants. | |

**ORDER CONSOLIDATING ACTIONS**

Under Federal Rule of Civil Procedure 42(a), consolidation is appropriate when "the actions before the court involve a common question of law or fact . . . ." Courts enjoy broad discretion when determining whether to consolidate cases. *Abbott v. Amazon Inc.*, 2023 WL 7496362, at *1 (W.D. Wash.) (citation omitted). When analyzing whether to consolidate cases, "the [c]ourt should weigh the judicial convenience against the potential for delay, confusion and prejudice." *In re Paypal Honey Browser Extension Litig.*, 2025 WL 510434, at *1 (N.D. Cal.) (citation omitted). District courts may consolidate cases *sua sponte*. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) (citing 9 C. Wright & A. Miller, *Fed. Prac. & Proc.: Civil* § 2383 n.37). When litigation commences challenging the constitutionality of recently-passed legislation or ballot measures, those actions are suitable for consolidation. *See Or. Firearms Fed. v. Kotek*, 682 F.Supp.3d 874, 884 n.1 (D. Or. 2023) (addressing multiple Second Amendment challenges to ballot measure in a consolidated action).

Plaintiffs in both actions seek declaratory and injunctive relief to prevent implementation of Ballot Initiative 194, the “Exclude Political Spending from Artificial Persons’ Charter Powers Initiative” adopted by the Montana voters in the 2026 November general election. Both Complaints assert that I-194 is an unlawful restriction on the freedom of speech provided under the First Amendment of the United States Constitution. The issues in the cases are facial challenges to the constitutionality of I-194 and, therefore, involve common questions of law while presenting no apparent risk of delay, confusion, or prejudice. Accordingly,

**IT IS HEREBY ORDERED** that both actions are consolidated under the docket number of the *Frontier* case (CV-26-73-H-WWM) with the master caption *In re: Ballot Initiative 194 Litigation*. The clerk is directed to administratively terminate all actions other than *Frontier* and is further directed to attach all counsel currently of record in *Chamber of Commerce* (CV 26-75-H-WWM) to the newly entitled *In re: Ballot Initiative 194 Litigation* case.

DATED this 13th day of November, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE