IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

IN RE: BALLOT INITIATIVE 194 LITIGATION

Cause No.: CV-26-73-H-BMM (lead)

ORDER ON MOTION TO INTERVNE IN CONSOLIDATED CASES

## INTRODUCTION

The Transparent Election Initiaive ("TEI") moves this Court to intervene as a defendant in the consolidated cases *Frontier Institute v. Knudsen*, No. 26-cv-73-H-BMM, *Young Americans for Liberty, Inc. v. Knudsen*, No. 26-cv-81-H-BMM, and *Chamber of Commerce of the United States of American v. Knudsen*, No. 26-cv-75-H-BMM. (Doc. 14.)

## BACKGROUND

More than 300,000 Montana voters enacted Initiative No. 194 ("I-194") on November 3, 2026. (Doc. 15 at 2.) Plaintiffs in *Frontier Institute v. Knudeson*, No. 26-cv-73-H-BMM sued to stop I-194 from taking effect on November 3, 2026. (*Id.*) Plaintiffs ask the Court to determine the constitutionality of I-194 and to

enjoin the Montana Attorney General and Secretary of State from giving effect to I-194. (*Id.*) More plaintiffs filed a second lawsuit, seeking similar relief in *Chamber of Commerce v. Knudesn*, No. 26-cv-75-H-BMM. The Court consolidated these cases. (Doc. 11.)

TEI describes itself as a grassroots organization founded in Montana to advocate for electoral reforms that increase transparency in elections. (*Id*. at 5.) TEI has limited staff, and volunteers primarily carry out TEI's work. (*Id.*) Jeff Mangan serves as TEI's president and founder. (*Id.*) Mangan served in the Montana legislature from 1999 to 2006, both in the Montana House of Representatives and the Montana Senate (*Id.*) Mangan traveled throughout Montana in 2025 discussing election transparency. (*Id.*) TEI began researching and drafting a proposed ballot measure. (Doc. 15-4 at ¶ 9-12.)

TEI submitted its first proposal to the Secretary of State as Ballot Issue No. 4, a proposed constitutional initiative that defined the powers of artificial persons. (*Id*. at 5, 6.) TEI devoted substantial organizational resources to developing the policy underlying I-194, navigating the ballot-issue procedure, defending the related initiatives in litigation, organizing volunteers, communicating with voters, and ultimately securing the passage of I-194. (*Id*. at 7.) TEI seeks to intervene to defend I-194 after TEI spent substantial time and resources drafting the initiative.

The Montana Attorney General notified the Court that he will not defend I-

194. (Doc. 10.) The Montana Secretary of State has not declared whether she will defend I-194. (Doc. 15 at 3.) I-194 remains undefended by Montana's elected officials. (*Id*.) TEI contends that it can satisfy the requirements for both permissive intervention and intervention as of right. (Doc. 15 at 9.) The Court will discuss only TEI's intervention as of right.

## LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) provides that a motion to intervene must be granted if (1) the motion is timely; (2) the party has a significant protectable interest relating to the property or the transaction that is the subject of the action; (3) the party's interest may be impaired by the disposition of the action; and (4) the party's interest is not adequately represented by an existing party. Fed. R. Civ. P. 24(a)(2). Courts construe Rule 24 in favor of intervention. *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011).

## DISCUSSION

### I. Whether TEI timely made its motion to intervene.

The timeliness of an intervention motion hinges on (1) the stage of the proceeding; (2) prejudice to other parties; and (3) the nature of any delay. *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). The Court finds TEI's motion timely. TEI files this motion within days of the most recent complaint and two weeks after the first complaint. (Doc. 15 at 10.) TEI also

files its motion before any responses to the complaint or preliminary injunction motion and before the Court has issued any scheduling order. (*Id*.) TEI shows no delay in filing the motion and no party would experience prejudice from TEI's intervention. (*Id*.) The Court ultimately concludes that TEI makes its motion to intervene at an early stage of the proceedings, the parties do not face prejudice, and intervention would not cause disruption or delay in the proceedings. *See Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).

## II. Whether TEI has a significant protectable interest that could be impaired by an adverse ruling.

The second and third intervention factors closely relate to each other. An applicant meets the second factor if the applicant has a protectable interest and there is a "relationship between the legally protected interest and the claims at issue." *Id*. This factor qualifies as a "practical" inquiry, and a proposed intervenor is not required to demonstrate a specific legal or equitable interest. *Id*. The third factor then considers whether an adverse decision may "impair or impede" the intervenor's ability to protect the identified interest. *Id*. at 898.

The Court finds that a ballot issue proponent like TEI has a significant protectable interest that could be impaired by an adverse ruling, satisfying the second and third intervention factors. *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). The Ninth Circuit has recognized that a public-interest group is

"entitled as a matter of right to intervene in an action challenging the legality of a measure which it had supported." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983). *Prete* held that "for purposes of intervention as of right, a public interest group that has supported a measure has a 'significant protectable interest' in defending the legality of the measure. *Prete*, 438 F. 3d at 954. *Prete* concluded further that the applicant satisfied the third intervention factor because "an adverse court decision on such a measure may, as a practical matter, impair the interest held by the public interest group." *Id*. at 954-55.

The Montana Supreme Court also determined that "the authors, sponsors, active supporters, and defenders of I-143" had a "direct, substantial, legally protectable interest in the instant action, and, as such, they are entitled to intervene as a matter of right." *Sportsmen for I-143 v. Montana Fifteenth Jud. Dist. Ct., Sheridan Cnty.,* 40 P.3d 400, 402 (Mont. 2002). The Court finds these cases instructive. Much like in *Prete* and *Sagebrush*, TEI authored the initiative at issue and the related ballot proposals, gathered signatures to qualify the initiative for the ballot, and participated in the campaign to gain its proposal. (Doc. 15 at 12-13.) The Court concludes that TEI satisfies both the second and third factors of intervention as of right. *Pete*, 438 F.3d at 954.

### III. Whether the named defendants adequately represent TEI's interests.

A party's burden under the fourth factor is "minimal" and can be satisfied if

the applicant can demonstrate that the representation of its interests "may be inadequate." *Citizens for Balanced Use*, 647 F.3d at 893 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). In determining the adequacy of representation courts consider: (1) "whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Citizens for Balanced Use*, 647 F.3d at 893.

The Montana Attorney General already expressly notified the Court that he will not defend I-194. (Doc. 10.) The Court finds that the Attorney General's express refusal to defend I-194 satisfies the Ninth Circuits requirement that the existing representation be inadequate. *Citizens for Balanced Use*, 647 F.3d at 893. The Montana Secretary of State remains silent on whether she will defend I-194. (Doc. 15 at 15.) The Court finds that the Secretary of State fails to indicate that she will "undoubtedly" make TEI's arguments or is "capable and willing" to make TEI's arguments. *Citizens for Balanced Use*, 647 F.3d at 893. The Court finds at the very minimum TEI demonstrates that the State of Montana Defendants' representation of TEI's interests "may be inadequate." *Id*. The Court concludes that TEI meets all elements of Rule 24(a)(2) to be entitled to intervene as a matter of right.

## CONCLUSION

Accordingly, the Court **hereby GRANTS** TEI's motion to intervene as a defendant in the consolidated cases *Frontier Institute v. Knudsen*, No. 26-cv-73-H-BMM, *Young Americans for Liberty, Inc. v. Knudsen*, No. 26-cv-81-H-BMM, and *Chamber of Commerce of the United States of American v. Knudsen*, No. 26-cv-75-H-BMM. (Doc. 14.)

DATED this 19th day of November, 2026.

Brian Morris, Chief District Judge
United States District Court