IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

IN RE: BALLOT INITIATIVE 194 LITIGATION

Cause No.: CV-26-73-H-BMM (lead)

ORDER FOR EXPEDITED REVIEW OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION

## INTRODUCTION

Plaintiffs Chamber of Commerce of the United States of America, Montana Chamber of Commerce, Kalispell Chamber of Commerce, and Billings Chamber of Commerce (collectively "Chambers") move the Court to expedite consideration and resolution of their pending motions for preliminary injunction. (Doc. 27. at 2.) Chambers ask the Court to resolve their motions for preliminary injunction before Initiative-194 ("I-194") takes effect on January 1, 2027. (*Id.*) Chambers make their motion to expedite pursuant to Federal Rule of Civil Procedure 7(b), Local Rule 7.1(d)(1)(D), and 28 U.S.C. § 1657(a). (*Id.*)

## BACKGROUND

Montana voters enacted I-194 on November 3, 2026. (*Id.*) Chambers allege I-194 prohibits Chambers and their members from "expend[ing] money or anything of value to support or oppose" candidates, political parties, political committees, and ballot questions. Chambers seek preliminary relief because they argue the prohibition will inflict an irreparable First Amendment injury when I-194 goes into effect on January 1, 2027. (*Id.* at ¶ 1.) The Montana Attorney General "will not defend the constitutionality of Initiative 194" because he asserts that I-194 "plainly violates the First Amendment." (Doc. 10.)

The Court consolidated Chambers' action and another action that similarly challenges I-194 on First Amendment grounds on November 13, 2026. (Doc. 11.) The Court consolidated those actions with a third challenge to I-194 on November 17, 2026. (Doc. 16.) Plaintiffs in the consolidated actions also have moved for preliminary injunctions.

The Transparent Election Initiative ("TEI") moved to intervene in the consolidated cases on November 17, 2026. (Doc. 27 at ¶ 5.) The Court granted TEI's motion to intervene on November 19, 2026. (Doc. 29.)

## LEGAL STANDARD

Federal law directs this Court to "expedite the consideration of . . . any action for temporary or preliminary injunctive relief." 28 U.S.C. § 1657(a).

## DISCUSSION

Chambers argue expedited consideration proves particularly warranted here due to concerns for the imminent loss of "a right under the Constitution of the United States." (Doc. 27 at ¶ 3.) Chambers further argue that unless the Court grants preliminary relief before I-194 takes effect on January 1, 2027, Chambers and their members will be forced to refrain from constitutionally protected political speech or face enforcement under a statute the Montana Attorney General has stated he intends to enforce. (*Id.*)

Pursuant to Local Rule 7.1(c), Chambers have conferred with counsel for all plaintiffs, defendants, and proposed intervenors in the consolidated actions regarding the proposed schedule. (Doc. 27 at ¶ 6.) Chambers assert that the proposed schedule will permit orderly briefing and resolution of the preliminary-injunction motions before I-194 takes effect and accommodates the proposed intervenors' request for an extension of their response deadline. (*Id.*) The current response deadline would be November 27, 2026. *See* LR 7.1(d)(1)(B)(ii); (Doc. 27 at 4; Doc. 14 at 2.) Defendants and all other plaintiffs do not oppose the proposed schedule. (Doc. 14 at 2.) TEI stated that it "reserves its position and will file a response" tomorrow. (*Id.*)

Chambers propose the following dates:

1. Defendants shall file any response(s) to Plaintiffs' motions for preliminary injunction by **December 4, 2026;**
2. Any intervenors or proposed intervenors shall file any response(s) to Plaintiffs' motions for preliminary injunction by **December 4, 2026;**
3. Plaintiffs shall file their replies in support of their respective motions for preliminary injunction by **December 10, 2026**
4. Plaintiffs respectfully request a hearing on the motions for preliminary injunction during the week of **December 14, 2026** or at the Court's convenience, except the morning of December 15, 2026, when counsel for the Attorney General is unavailable.

**ORDER**

Accordingly, **IT IS SO ORDERED.**

- Defendants and Defendants/Intervenors shall file their briefs in opposition to Plaintiffs' motion for preliminary injunction by **December 4, 2026**;
- Plaintiffs shall file their replies in support of their respective motions for preliminary injunction by **December 10, 2026**;

- The Court sets a hearing on the motion for preliminary injunction for **December 14, 2026**, at 1:30 p.m. at the Paul Hatfield Federal Courthouse in Helena, Montana.

DATED this 19th day of November, 2026.

Brian Morris, Chief District Judge
United States District Court